# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN LAMONT MITCHELL,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:10-CV-00353-RCJ-(RAM)

**ORDER**

    Petitioner, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion for the appointment of counsel. The court finds that petitioner is not able to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss three grounds, and petitioner will need to file an amended petition with respect to the remaining grounds.

    In the Second Judicial District Court of the State of Nevada, petitioner was convicted of robbery with the use of a deadly weapon. For robbery, the court sentenced petitioner to a minimum term of 60 months in prison and a maximum term of 154 months in prison. The robbery statute allows these terms of imprisonment: "A person who commits robbery is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years." Nev. Rev. Stat. § 200.380(2). For the use of a deadly weapon, petitioner received an equal and consecutive sentence, pursuant to the version of the deadly-weapon statute in effect at the time. Nev. Rev. Stat. § 193.165 (2005).

1  In grounds 1, 2, and 3, petitioner claims that the trial court committed constitutional error by imposing the equal and consecutive sentence for the use of a deadly weapon; petitioner invokes a different constitutional provision in each ground. Petitioner argues that a jury had to impose the enhanced sentence for the use of a deadly weapon. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

It is unclear whether grounds 1, 2, and 3 have any merit. If the jury found petitioner guilty of robbery with the use of a deadly weapon, then his sentence does not violate the Constitution, as interpreted by Apprendi, because the jury would have found all the facts necessary for the sentence that petitioner received. On the other hand, if the jury found petitioner guilty of robbery alone, then his sentence does violate the Constitution, because the jury would not have found all the necessary facts for the use of a deadly weapon. In his amended petition, petitioner will need to allege or show by copies of state-court documents that he was found guilty of robbery alone, and that the trial judge nonetheless imposed a sentence for the use of a deadly weapon. Otherwise, grounds 1, 2, and 3 are without merit.

In grounds 4, 5, and 6, petitioner alleges that he pursued a motion to correct an illegal sentence in the state district court; again, petitioner invokes a different constitutional provision in each ground. Petitioner further alleges that the state district court denied the motion but did not notify petitioner or his counsel, and thus the time to appeal the denial of the motion passed. Petitioner is alleging an error in the state post-conviction process. Such errors are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). Grounds 4, 5, and 6 are without merit, and petitioner needs to omit them from any amended petition that he files.

Regarding petitioners' motion for appointment of counsel, whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey

1  v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims,
2  but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition,
3  the court concludes that the appointment of counsel is not warranted.

4      IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#5)
5  is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

6      IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ
7  of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

8      IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

9      IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition
10 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have
11 thirty (30) days from the date that this order is entered in which to file an amended petition to correct
12 the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

13     IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as
14 such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus
15 Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number,
16 3:10-CV-00353-RCJ-(RAM), above the word "AMENDED."

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT IS FURTHER ORDERED, as per prior agreement and so that respondents may be electronically served with any amended petition and exhibits, that the clerk of court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

Dated: This 20th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge