FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 1 8 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN LAMONT MITCHELL,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:10-CV-00353-RCJ-(RAM)

**ORDER**

    Petitioner has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#9). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the court is not convinced that the petition has potential merit, examination of the state-court record will answer the question, and the court will direct a response from respondents.[1]

    After a bench trial in the Second Judicial District Court of the State of Nevada, Petitioner was convicted of robbery with the use of a firearm. For robbery, the court sentenced petitioner to a minimum term of 60 months in prison and a maximum term of 154 months in prison. The robbery statute allows these terms of imprisonment: "A person who commits robbery is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years." Nev. Rev. Stat.

---

[1] Respondents may still move to dismiss the petition for procedural reasons such as timeliness, procedural default, or lack of exhaustion, if they wish.

1  § 200.380(2). For the use of a deadly weapon, petitioner received an equal and consecutive
2  sentence, pursuant to the version of the deadly-weapon statute in effect at the time. Nev. Rev. Stat.
3  § 193.165 (2005).
4        Petitioner's claim in all three grounds is that a jury should have found whether he
5  used a deadly weapon in the commission of the robbery. "Other than the fact of a prior conviction,
6  any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be
7  submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466,
8  490 (2000). To the extent that petitioner claims that only a jury could have determined whether he
9  used a deadly weapon, his claim is frivolous. He waived a jury trial, and thus the finder of fact
10 became the judge. However, to enhance petitioner's sentence for the use of a deadly weapon, the
11 judge still needed to find beyond a reasonable doubt that petitioner used a deadly weapon in the
12 commission of the robbery. Although unlikely, based upon petitioner's allegations the court cannot
13 rule out the possibility that the judge only found petitioner guilty of robbery and then imposed the
14 deadly-weapon enhancement without finding beyond a reasonable doubt that petitioner used a
15 deadly weapon. The record will answer that question.
16       The court will dismiss ground 2 because the constitutional provision that petitioner
17 alleges was violated is inapplicable. Apprendi's holding is based upon two constitutional
18 protections: "the proscription of any deprivation of liberty without 'due process of law,' Amdt. 14,
19 and the guarantee that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy
20 and public trial, by an impartial jury,' Amdt. 6." 530 U.S. at 476-77. Petitioner invokes those two
21 protections in grounds 1 and 3. Ground 2 alleges that the Fifth Amendment was violated, but no
22 part of the Fifth Amendment is applicable to petitioner's claims.
23       IT IS THEREFORE ORDERED that ground 2 of the amended petition (#9) is
24 **DISMISSED**.
25       IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from
26 the date of entry of this order to answer or otherwise respond to the amended petition (#9). If
27 respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing
28

1  Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five
2  (45) days from the date on which the answer is served to file a reply.
3         IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents
4  or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
5  motion or other document submitted for consideration by the court. Petitioner shall include with the
6  original paper submitted for filing a certificate stating the date that a true and correct copy of the
7  document was mailed to the respondents or counsel for the respondents. The court may disregard
8  any paper received by a district judge or magistrate judge that has not been filed with the clerk, and
9  any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate
10 of service.
11        Dated: January 18, 2011

                                ROBERT C. JONES
                                United States District Judge