# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN LAMONT MITCHELL,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:10-CV-00353-RCJ-(RAM)

**ORDER**

    Before the court are the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#9) and respondents' motion to dismiss (#11). Petitioner did not file a response to the motion to dismiss, and thus he consents to the court granting it. LR 7-2(d). The court finds that the petition is untimely, and the court grants the motion.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires.  Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009).  See also Sup. Ct. R. 13(1).  Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  A prior federal habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  The petitioner effectively files a federal petition when he mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

In the Second Judicial District Court, petitioner was convicted pursuant to a plea of guilty of robbery with the use of a firearm.  The judgment of conviction was entered on July 23, 1996.  Ex. 32 (#13).  Petitioner did not appeal.  Petitioner did file a post-conviction habeas corpus petition in the state district court on December 18, 1996.  Ex. 40 (#13).  That court granted the petition on May 21, 1998.  Ex. 81 (#14).  The state appealed, and the Nevada Supreme Court affirmed on October 14, 1998.  Ex. 110 (#15).

After a bench retrial, petitioner again was convicted of robbery with the use of a firearm on July 10, 2000.  Ex. 189 (#18).  Petitioner appealed, and the Nevada Supreme Court affirmed on January 9, 2001.  Ex. 215 (#18).  The time for petitioning the Supreme Court of the United States expired on April 9, 2001, and the judgment of conviction became final on that date.  Sup. Ct. R. 13(1).

Although the finality of the judgment of conviction commenced the one-year period of limitation of 28 U.S.C. § 2244(d), petitioner had already filed a post-conviction habeas corpus petition in the state district court on April 4, 2001.  Ex. 219A (#18).  Consequently, the period of limitation was tolled immediately upon its commencement.  See 28 U.S.C. § 2244(d)(2).  The state district court denied the petition on May 18, 2001.  See Ex. 220, pp. 1-2 (#18).  Petitioner did not

appeal, and the judgment became final on June 17, 2001, with the expiration of the thirty-day period to file an appeal. See Nev. Rev. Stat. § 34.575. This dismissal re-started the period of limitation.

Ten days later, on June 27, 2001, petitioner filed a second post-conviction habeas corpus petition in the state district court. Ex. 219B (#18). The state district court dismissed the petition. Ex. 220 (#18). Petitioner appealed. The Nevada Supreme Court affirmed, holding that the petition was barred as a second or successive petition pursuant to Nev. Rev. Stat. § 34.810. Ex. 225 (#19). Remittitur issued on June 11, 2002. Ex. 226 (#19). This petition tolled the period of limitation pursuant to 28 U.S.C. § 2244(d)(2), and the period of limitation resumed after issuance of the remittitur.[1]

Petitioner filed nothing regarding this judgment of conviction in either state court or federal court for another three and a half years. Taking into account the ten days between his first and second state petitions, the period of limitation of § 2244(d) expired on June 1, 2003.

Petitioner did file two matters in state court after the expiration of the period of limitation. On December 27, 2005, petitioner filed in the state district court a motion to correct an illegal sentence.[2] The state court denied that motion on August 3, 2006. Ex. 227 (#19). The Nevada Supreme Court dismissed an untimely appeal on March 2, 2007. Ex. 235 (#19). On February 11, 2007, petitioner filed in the state district court a third post-conviction habeas corpus petition. Ex. 233 (#19). The state district court dismissed the petition on May 4, 2009. Ex. 255 (#20). Petitioner appealed, and the Nevada Supreme Court affirmed on May 10, 2010, holding that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. Ex. 269 (#20). Neither the illegal-sentence motion

---

[1] The Nevada Supreme Court also could have held that the petition was untimely because petitioner filed it more than one year after the issuance of the remittitur from the direct appeal on February 6, 2001. See Nev. Rev. Stat. § 34.726; Ex. 217 (#18). That holding would have made the second state petition ineligible for tolling pursuant to 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 417. However, the Nevada Supreme Court did not so hold, and this court assumes that the second state petition did toll the period of limitations pursuant to § 2244(d)(2).

[2] Respondents did not file a copy of this motion as an exhibit. The court has determined the filing date of the illegal sentence motion by examining the on-line docket of State v. Mitchell, Case No. CR96-0186, http://www.washoecourts.com, on August 18, 2011.

nor the third state habeas corpus petition tolled the period of limitation; the period already had expired, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

The petition is untimely. As noted above, the period of limitation expired on June 1, 2003. Petitioner effectively commenced this action on June 8, 2010, when he mailed his original petition (#6) to the court, seven years after the period of limitation expired.

Respondents also argue that petitioner has not exhausted his available remedies in state court. The court will not address this argument because it has found that the petition is untimely.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ordered that respondents' motion to dismiss (#11) is **GRANTED** in part. This action is **DISMISSED** with prejudice as untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: 09-16-2011.

_____
ROBERT C. JONES
Chief United States District Judge